**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4611**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANDRES CHACON, a/k/a Dre, a/k/a Buddha,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   J. Michelle Childs, District
Judge.  (6:13-cr-00183-JMC-3)

Submitted:  March 18, 2015        Decided:  March 27, 2015

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender,
Greenville, South Carolina, for Appellant.   Andrew Burke
Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andres Chacon pled guilty to conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court calculated Chacon's Guidelines range under the U.S. Sentencing Guidelines Manual (2013) at 70 to 87 months' imprisonment and sentenced Chacon to 60 months' imprisonment. On appeal, Chacon's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court erred in failing to afford Chacon sentencing credit for 208 days he served on a discharged term of incarceration. The Government declined to file a brief. Chacon was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Under 18 U.S.C. § 3585(b) (2012), a criminal defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Section 3585(b), however, does not permit a district court to award credit at sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992). Rather, only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 333-37.

2

Therefore, as counsel correctly concedes, the district court was without authority to award Chacon sentencing credit for the 208 days he served on the discharged term.

Additionally, in accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Chacon, in writing, of the right to petition the Supreme Court of the United States for further review. If Chacon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chacon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED